# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **LIST INDUSTRIES, INC.,** | : | Case No. 3:18-CV-199 |
| | : | |
| Plaintiff, | : | District Judge Thomas M. Rose |
| vs. | : | Magistrate Judge Sharon L. Ovington |
| | : | |
| **DEAN SCOTT UMINA**, *et al.,* | : | AGREED PROTECTIVE ORDER |
| | : | |
| Defendants. | : | |

**WHEREAS**, during discovery in this case, the parties will likely be required to produce documents, answer interrogatories and provide testimony and other information that may contain confidential information. For purposes of this Order, "Confidential Information" shall mean information a party in good faith deems to constitute or contain trade secrets or other confidential, financial, commercially sensitive, or proprietary business information that is not publicly known and cannot be ascertained from an inspection of publicly available documents or materials; and

**WHEREAS**, the parties are interested in permitting discovery to proceed without delay occasioned by possible disputes regarding such Confidential Information;

**NOW THEREFORE**, upon agreement and consent by and between Plaintiff, Defendants and other parties subscribing hereto, in accordance with Rule 26(c) and 29(b) of the Federal Rules of Civil Procedure, it is:

**HEREBY ORDERED** that:

1. If a party hereto believes that any written, recorded or graphic material, tangible items or any other form of documentary information, including any created, maintained or stored electronic data, that it produces in this action pursuant to pretrial discovery, court order or agreement of the parties contains Confidential Information, said party may designate such

1

information as confidential either by placing or stamping the words "Confidential" prominently on the document or by any other written means that clearly and unequivocally notifies the parties that the information is subject to this Protective Order. Documents designated as Confidential Information and all writings, including court papers, which quote from or summarize all or a portion of such documents shall be treated as Confidential Information as set forth in this Order and shall be used solely for the prosecution or defense of this action alone, including any appeals.

2. All documents produced in this action by any party hereto and designated as Confidential Information shall be subject to the provisions of this Order. Upon the designation of any document as "Confidential", all copies of such document then or at any time thereafter in the possession or control of any party hereto, from whatever source received, shall be subject to the provisions of this Order, provided however, that nothing contained herein shall restrict the rights of any party hereto with respect to any information developed or obtained lawfully and independently of discovery in this case, regardless of whether such information is also obtained through discovery.

3. Unless the Court rules otherwise, no documents designated as "Confidential" in accordance with this Order, or information derived only from such documents shall be disclosed to any person other than (a) legal counsel to any party hereto; (b) the legal, clerical, paralegal staff or other staff of such legal counsel relevant to the prosecution or defense of this proceeding alone; (c) the parties hereto and principals, officers, agents and employees of the parties hereto; (d) Outside consultants, technical advisors, and expert witnesses (whether designated as trial witnesses or not), and together with their respective assistant, and clerical staff, who are actually engaged in assisting the counsel described in subparagraph (a) above; (e) non-party witnesses or prospective witnesses in this action; (f) court reporters in this case; and (g) the Court, Court personnel, or jurors. No such documents designated as "Confidential" pursuant to this Order shall be used by any recipient for any purpose other than for the preparation, trial, appeal, or settlement of this proceeding.

4. This Agreed Protective Order does not authorize filing materials designated as Confidential under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. Unless the Court orders otherwise, all sealed documents shall be filed according to S.D. Ohio Civ. R. 5.2.1.

5. The Parties shall follow the following procedure for filing documents marked Confidential with the Clerk:

    a) A party that intends to file a document marked as Confidential with the Clerk ("Filing Party") shall first provide written notice via email to counsel of record for the party that originally designated the document as Confidential ("Designating Party") of the Filing Party's intent to file, and provide a copy of the document the Filing Party intends to file to the Designating Party.

    b) The Filing and Designating Parties shall then consult to determine whether, with the consent of the Designating Party, the document or a redacted version of the document may be filed with the Court not under seal.

    c) Where agreement is not possible or adequate, within 72 hours of receiving written notice in accordance with Section 10(a), which may be extended by stipulation of the parties or Court order, the Designating Party shall file a motion with the Court requesting that the Filing Party be required to file the document or documents identified in the written notice under seal, and requesting that the Filing Party be required to file any portions of a brief, memorandum or pleading that discloses or describes Confidential Information contained within that document under seal.

d) Within 24 hours of the filing of a motion to seal a document marked Confidential pursuant to Section 10(c), the Filing Party shall serve a copy of the document subject to the motion to seal on all counsel of record, and deliver a copy of the subject document to the presiding judge in a sealed envelope marked "CONFIDENTIAL – SUBJECT OF PENDING MOTION TO SEAL," displaying the case name, docket number, the document's bates number or other identifying exhibit number, the name of the party who has designated the document Confidential, and the name of the attorney who has submitted the document to the presiding judge, on the front of the envelope,

e) If a motion to seal made pursuant to Section 10(c) seeks permission for the Filing Party to file a brief, memorandum, or pleading under seal, the filing party may file with the Clerk a version of the brief, memorandum, or pleading with appropriate redactions, and serve, via email, an unredacted copy of the brief, memorandum, or pleading on all counsel of record, and deliver an unredacted copy of the brief, memorandum, or pleading to the presiding judge in a sealed envelope marked "CONFIDENTIAL – SUBJECT TO PENDING MOTION TO SEAL," displaying the case name, docket number, the docket number assigned to the redacted filing, the name of the Filing Party, and the name of the attorney who has submitted the brief, memorandum, or pleading to the presiding judge, on the front of the envelope.

f) A Designating Party who fails to file a motion to seal under Section 10(c) within the time allowed, after receiving written notice from a Filing Party in

4

accordance with Section 10(a), shall be deemed to have waived all protections of this Protective Order for the document or documents identified in the Filing Party's written notice.

6. If a question arising at a pretrial deposition calls for an answer containing Confidential Information, or if the question contains Confidential Information, counsel for a party hereto with an interest in protecting such Confidential Information shall, either on the record at the deposition or within ten (10) business days after receipt of the transcript thereof, notify counsel of record for an opposing party hereto in writing that the information provided in such answer or question is considered Confidential Information and that identified portions of the transcript reflecting such information shall be subject to the provisions of this Order.

7. Any person who is to obtain access to Confidential Information pursuant to paragraph 3(d), (e), or (f) shall, prior to the receipt of Confidential Information, execute a "Non-Disclosure Agreement" in the form attached as Exhibit A hereto, stating that he or she has read and understands this Protective Order and agrees to be bound by its terms. A non-party witness or prospective witness in this action does not need to execute the "Non-Disclosure Agreement" prior to being shown a document marked "Confidential" during the taking of testimony through deposition under Fed. R. Civ. P. 30 or 31. The original Exhibit A shall be maintained by counsel of record for the party on whose behalf the outside consultant, technical advisor, or expert witness has been employed or retained.

8. If counsel for a party shall hereafter desire to make Confidential Information available to any person other than those referred to in paragraph 3, such counsel shall identify the Confidential Information, identify the person to whom he or she wishes to make disclosure and inform counsel for the designating party hereto of his or her desire. If counsel for the Parties

Hereto are subsequently unable to agree on the terms and conditions of disclosure to persons not enumerated in paragraph 3, disclosure may be made only on such terms as the Court may order.

9. If any court, arbitration tribunal or administrative or government agency requests, demands, subpoenas, or orders producing of material designated as "Confidential" that a party has obtained under the terms of this Order, before turning over the material, to the extent practicable without disobeying a lawful order or demand, such party shall promptly (not more than 48 hours after receipt of such request, demand, subpoena or order) notify the party that so designated in writing that the material at issue as "Confidential" of the pendency of such request, demand, subpoena, or order, afford a reasonable opportunity for the party that so designated such material to oppose the request, demand, subpoena or order and will not produce the material before the date compelled by law.

10. In the event that any party objects to the designation of any document or information as "Confidential" the objecting party shall provide written notice of the objection to the producing party specifying the materials that are the subject of the objection. The producing party will have 7 business days to respond in writing. The parties shall confer in good faith in an effort to resolve the objection within ten (10) days of the producing party's written response. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court, including an order that the document or information should not be treated as "Confidential" or that specified provisions of this protective order shall not apply to the documents or information. The producing party shall have the burden of proof on any such motion to establish the propriety of its confidential designation. Any documents in dispute shall be treated as originally designated pending resolution by the Court.

11. Within thirty (30) days after final termination of this case, including any appeals, counsel for the Parties Hereto shall (a) return to designating counsel or destroy all Confidential

Information or documents containing Confidential Information, except for attorney's work product and (b) certify in writing to counsel for other Parties Hereto that he or she has complied with the provisions of this paragraph.

12. Any document, exhibit or transcript designated to constitute Confidential Information in accordance with this Order, may be used at a hearing of record before this Court, in a manner agreed by the Parties Hereto or set by the Court.

13. Inadvertent production of any Confidential Information, without it being designated as such, shall not be deemed a waiver of any subsequent claim that the information at issue is Confidential Information and subject to this Order. If a party hereto inadvertently produces Confidential Information without designating it as such, it may be disclosed without regard to this Order until the receiving party hereto is notified of the error, after which it shall be treated as then designated.

14. Any party hereto may at any time seek any modification of this Order and nothing contained herein shall in any way constrain such party.

15. In connection with this litigation, if a party or non-party (the "Disclosing Party") inadvertently discloses information subject to a claim of attorney-client privilege or work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information or its related subject matter, in this litigation or any other court or legal proceeding.

If at any time prior to the trial of this action, the Disclosing Party discovers that it has produced Inadvertently Disclosed Information, it shall, within fourteen (14) business days after learning that such information was inadvertently produced, notify all parties in writing of the inadvertent disclosure and identify all such Inadvertently Disclosed Information. Upon notice of a

claim of inadvertent disclosure, the receiving party shall, within seven (7) business days, return, destroy, or delete all copies of the Inadvertently Disclosed Information, and provide a certification from counsel that all such information has been returned, destroyed or deleted. Until the Court rules on the privileged or protected status of the information, the receiving party shall not use, disclose or disseminate the information in any way (including, but not limited to using the information at depositions or trial), and must take reasonable steps to retrieve the information if it was disseminated by the receiving party prior to such notification. The Disclosing Party must preserve the Inadvertently Disclosed Information until its privilege claim is resolved.

Within fourteen (14) business days of the notification that such Inadvertently Disclosed Information has been returned, destroyed or deleted, the Disclosing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

Within fourteen (14) business days after receiving the Disclosing Party's privilege log, a party may notify a Disclosing Party in writing of an objection to a claim of privilege with respect to a document that was inadvertently produced. Within ten (10) business days of receipt of such notification, the Disclosing Party and the objecting party shall meet and confer in an effort to resolve any disagreement concerning the Disclosing Party's privilege claim.

If the parties do not resolve their disagreement after conducting the mandatory meet and confer, the receiving party may move the Court for an order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

16. Parties hereto may in good faith correct any Confidential Information designations at any time, as appropriate, without adverse consequences.

17. The Court may modify this Order, as appropriate, at time of pretrial or any other time to ensure a fair presentation of the parties' cases. The terms of this Order shall survive

8
9010615.1

claim of inadvertent disclosure, the receiving party shall, within seven (7) business days, return, destroy, or delete all copies of the Inadvertently Disclosed Information, and provide a certification from counsel that all such information has been returned, destroyed or deleted. Until the Court rules on the privileged or protected status of the information, the receiving party shall not use, disclose or disseminate the information in any way (including, but not limited to using the information at depositions or trial), and must take reasonable steps to retrieve the information if it was disseminated by the receiving party prior to such notification. The Disclosing Party must preserve the Inadvertently Disclosed Information until its privilege claim is resolved.

Within fourteen (14) business days of the notification that such Inadvertently Disclosed Information has been returned, destroyed or deleted, the Disclosing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

Within fourteen (14) business days after receiving the Disclosing Party's privilege log, a party may notify a Disclosing Party in writing of an objection to a claim of privilege with respect to a document that was inadvertently produced. Within ten (10) business days of receipt of such notification, the Disclosing Party and the objecting party shall meet and confer in an effort to resolve any disagreement concerning the Disclosing Party's privilege claim.

If the parties do not resolve their disagreement after conducting the mandatory meet and confer, the receiving party may move the Court for an order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

16. Parties hereto may in good faith correct any Confidential Information designations at any time, as appropriate, without adverse consequences.

17. The Court may modify this Order, as appropriate, at time of pretrial or any other time to ensure a fair presentation of the parties' cases. The terms of this Order shall survive

termination of this litigation and the Court shall retain jurisdiction to enforce the provisions of this Order.

**SO ORDERED:**

    *s/Sharon L. Ovington*
**Sharon L. Ovington**
United States Magistrate Judge

HAVE SEEN; AGREED:

Dated: September 28, 2018

| | |
|---|---|
| /s/ Darren W. Ford | /s/ Joshua R. Shierloh (per email auth. 9/28/18) |
| Scott K. Jones (0069859) | Toby K. Henderson (0071378) |
| Darren W. Ford (0086449) | Joshua R. Schierloh (0078325) |
| Kellie A. Kulka (0095749) | SEBALY SHILLITO + DYER |
| *Attorneys for Plaintiff List Industries, Inc.* | A legal Professional Association |
| GRAYDON HEAD & RITCHEY LLP | 1900 Kettering Tower |
| 7759 University Drive, Suite A | 40 North Main Street |
| West Chester, OH 45069 | Dayton, OH 45423 |
| Direct: (513) 755-4501 | Direct: (937) 222-2500 |
| Fax:    (513) 755-9888 | Fax:    (937) 222-6554 |
| E-mail: sjones@graydon.law | E-mail: thenderson@ssdlaw.com |
|       dford@graydon.law |       jschierloh@ssdlaw.com |
|       kkulka@graydon.law | |
| *Attorneys for Plaintiff List Industries, Inc.* | *Attorneys for Defendants Dean Scott Umina and Top Tier Storage Products, LLC* |

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| **LIST INDUSTRIES, INC.,** | : | Case No. 3:18-CV-199 |
| Plaintiff, | : | District Judge Thomas M. Rose |
| vs. | : | |
| **DEAN SCOTT UMINA,** *et al.*, | : | NONDISCLOSURE AGREEMENT |
| Defendant. | : | |

**NON-DISCLOSURE AGREEMENT**

I, _____, do solemnly swear that I am fully familiar with the terms of the Agreed Protective Order in this action, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court and that at the conclusion of the litigation I will return, or certify the destruction of, all discovery information to the Party or attorney from whom I received it. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

**Executed On:** _____          _____
                     (Date)                                              (Signature)